Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ADRIANNE HARRIS, an individual, ALEKSANDRA KANIAK, an individual, ANDREA CARTER-MEIER, an individual, CAROL STOELTING, an individual, DAKOTA SAL, an individual, DEENA TRAINA, an individual, EMMA WARD, an individual, JENNIFER CAPRICCIO, an individual, LISA CLYDE, an individual, NANCY WETZEL, an individual, SHAY YUVAL, an individual, VICKI HANSON, an individual,

Plaintiffs,

v.

BRAND BOLT, LLC, a Delaware limited liability company; MIAMI SKINCARE, LLC, a Delaware limited liability company; JONATHON COLE, an individual, and DOES 1-10,

Defendants.

Case No.:

**COMPLAINT FOR BREACH OF WRITTEN CONTRACT; MISSAPROPRIATION OF LIKENESS IN VIOLATION OF CAL. CIV. CODE § 3344; MISSAPROPRIATION OF LIKENESS UNDER COMMON LAW**

<u>JURY TRIAL DEMANDED</u>

Plaintiffs Adrianne Harris, Aleksandra Kaniak, Andrea Carter-Meier, Carol Stoelting, Dakota Sal, Deena Traina, Emma Ward, Jennifer Capriccio, Lisa Clyde, Nancy Wetzel, Shay Yuval, and Vicki Hanson (individually a "Plaintiff" and collectively, "Plaintiffs") by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

**JURISDICTION & VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants. Plaintiff Nancy Wetzel is a resident and citizen of the State of Georgia, all other Plaintiffs are residents and citizens of the State of California, Defendant Brand Bolt, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Colorado, Defendant Miami Skincare, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Delaware, and Defendant Jonanthan Cole is a citizen and resident of the State of Colorado. Each Plaintiff's claims exceed the sum of $75,000, exclusive of interest and costs.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and that Brand Bolt, LLC consented to the exclusive jurisdiction and venue of the state and federal courts located in California in Booking Agreement at issue in this case.

**PARTIES**

3. Plaintiff Adrianne Harris ("Harris") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

4. Plaintiff Aleksandra Kaniak ("Kaniak") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

5. Plaintiff Andrea Carter-Meier ("Carter-Meier") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

6. Plaintiff Carol Stoelting ("Stoelting") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

7. Plaintiff Dakota Sal ("Sal") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

8. Plaintiff Deena Traina ("Traina") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

9. Plaintiff Emma Ward ("Ward") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

10. Plaintiff Jennifer Capriccio ("Capriccio") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

11. Plaintiff Lisa Clyde ("Clyde") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

12. Plaintiff Shay Yuval ("Yuval") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

13. Plaintiff Vicki Hanson ("Hanson") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of California.

14. Plaintiff Nancy Wetzel ("Wetzel") is an individual who is a citizen and resident of the State of Georgia and was at certain relevant times hereto, a resident of California.

15. Plaintiffs are informed and believe and, on that basis, allege that, Defendant Brand Bolt, LLC ("Brand Bolt") is a Delaware limited liability company with its principal place of business in the State of Colorado. Upon information and belief, Brand Bolt does business under the name "MiamiMD" and is a related entity, alter ego, and/or successor in interest to Defendant Miami Skincare, LLC.

16. Plaintiffs are informed and believe and, on that basis, allege that, Defendant Miami Skincare, LLC ("Miami Skincare") is a Delaware limited liability company with its principal place of business in the State of Delaware. Upon information and belief, Miami Skincare does business under the name "MiamiMD" and is a related entity, alter ego, and/or successor in interest to Brand Bolt.

17. Plaintiffs are informed and believe and, on that basis, allege that, Defendant Jonathon Cole ("Cole") is an individual who, at all times relevant hereto, was and is a citizen and resident of the State of Colorado. Upon information and belief, Cole is the owner, managing member, and/or principal officer of both Brand Bolt and Miami Skincare and Cole personally directed, authorized, ratified, and participated in the wrongful conduct alleged herein.

18. Plaintiffs are informed and believe and, on that basis, allege that, Miami Skincare and Brand Bolt share common ownership, management, and control under Cole, commingle funds, operate as a single enterprise, and hold themselves out to the public as a unified business and that Miami Skincare and Brand Bolt are each the alter ego of the other. Upon information and belief, Cole dominates and controls Brand Bolt and Miami Skincare, uses the corporate forms of Brand Bolt and Miami Skincare as his alter egos, and there exists a unity of interest and ownership between Cole and both entities such that the separate personalities of the entities and the individual no longer exist. Adherence to the fiction of separate entity status would promote injustice.

19. Plaintiffs are informed and believe and, on that basis, allege that Defendants, at all times relative to this action, were the agents, servants, partners, joint venturers and employees of each of the other Defendants and in doing the acts alleged herein were acting with the knowledge and consent of each of the other Defendants in this action. Alternatively, at all times mentioned herein, each of the

Defendants conspired with each other to commit the wrongful acts complained of herein. Therefore, each Defendant is liable for the acts of all of the other conspirators.

20. Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and for that reason, sue such Defendants under such fictitious names. Plaintiffs are informed and believes and, on that basis, allege that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiffs will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

## **FACTUAL STATEMENT**

21. Defendants manufacture, market, distribute, and sell beauty and skincare products, including a "lift and firm" beauty cream, under the brand names "MiamiMD."

22. Upon information and belief, Defendant Cole founded and controls the business operations of both Brand Bolt and Miami Skincare, and is the person who directed and oversaw the marketing campaigns that utilized Plaintiffs' likenesses and professional testimonials.

23. Plaintiffs are professional actors and models, each of whom was represented at all relevant times by Direct2Pro, LLC d/b/a D2 Models ("D2"), a talent agency licensed by the State of California.

24. On or about February 9, 2021, Brand Bolt, through its representative Peter Kell, entered into a Booking Agreement with D2 for the services of Plaintiff (the "Booking Agreement"). A true and correct copy of the Booking Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

25. The Booking Agreement was assigned Job # LAX-210201-BBOMAR and provided for on-camera video work by the Plaintiffs for Brand Bolt. The

Assignment Description stated that "Models will take part in the creation of professional testimonials for a lift and firm beauty cream product." Subsequent to the execution of the Booking Agreement, Plaintiffs provided such on-camera video work for Brand Bolt (the "Services) in connection with the Brand Bolt shoot (the "Shoot").

26. In relevant part, the Booking Agreement expressly limited Defendants' authorized use of Plaintiffs' testimonials to a one-year term. The Booking Agreement expressly required that, for any usage beyond the initial permitted use, "It is the Client's responsibility to notify D2 Models and to negotiate additional fees (including extensions of existing agreements) for any usage…"

27. Plaintiffs are third-party beneficiaries of the Booking Agreement. The Booking Agreement was entered into for the express purpose of engaging Plaintiffs to provide professional modeling and testimonial services. Plaintiffs' names are specifically listed on the Booking Agreement, and the agreement's terms governing duration, media, and usage restrictions were intended to protect Plaintiffs' rights in their likenesses and performances. Plaintiffs fulfilled their obligations under the Booking Agreement by providing the Services.

28. In connection with the production of Shoot, each Plaintiff individually executed a Limited Artist Release (the "Model Release") directly with Brand Bolt. Each Model Release bears the same Job # LAX-210201-BBOMAR as the Booking Agreement. A true and correct copy of each Plaintiffs' Model Release is attached hereto as **Exhibit B** and is incorporated herein by reference.

29. The Model Release granted Brand Bolt consent to use Plaintiffs' likenesses and the video footage captured during the Shoot (hereinafter "Footage"), for a term of one year only.

30. Each of the Plaintiffs performed their respective obligations under both foregoing agreements.

31. The one-year authorized usage period under both the Booking Agreement and the Model Release expired on or about February 28, 2022.

32. Despite the expiration of the authorized usage period, Defendants continued to use Plaintiffs' professional testimonials and likenesses to advertise, market, promote, and sell Defendants' beauty products under the "MiamiMD" brand and other brand names.

33. Defendants' unauthorized use includes, but is not limited to, the publication and dissemination of video testimonials featuring Plaintiffs' likenesses on social media platforms, internet advertising, and digital/mobile advertising to promote and sell Defendants' beauty products.

34. Defendants did not notify D2 Models or Plaintiffs of their intent to continue using Plaintiffs' testimonials and likenesses beyond the one-year period, as required by the Booking Agreement nor did Defendants negotiate or pay any additional fees for their continued use of Plaintiffs' testimonials and likenesses beyond the one-year period, as would have been required under the Booking Agreement and Model Release.

35. On or about March 27, 2025, D2 Models sent Defendants a cease-and-desist letter demanding that Defendants stop using Plaintiffs' likenesses. Defendants failed to comply with this demand and continued their unauthorized use. On September 24, 2025, Plaintiffs' counsel sent Defendants a cease-and-desist letter demanding that Defendants immediately cease and desist from all uses of Plaintiffs' professional testimonials and their likenesses, and requesting an accounting of all unauthorized uses and related revenues and profits. Defendants have failed to comply by without limitation, failing to provide an accounting to Plaintiffs and by continuing to make unauthorized use of Plaintiffs' likenesses by continued use of the Footage for commercial purposes.

36. Defendants' continued use of Plaintiffs' likenesses after the expiration of the authorized period, after receiving the D2 Models cease-and-desist letter, and after receiving Plaintiffs' counsel's cease-and-desist letter, demonstrates that Defendants' unauthorized use is willful, knowing, and deliberate.

37. As a direct and proximate result of Defendants' unauthorized use of their likenesses and professional testimonials, Plaintiffs have suffered damages, including but not limited to the loss of reasonable model licensing fees, the diminution of the value of their likenesses, and the deprivation of their right to control the commercial use of their identities.

## <u>FIRST CLAIM FOR RELIEF</u>

### (Breach of Contract – Booking Agreement – By All Plaintiffs Against Brand Bolt)

38. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

39. The Booking Agreement constitutes a valid and enforceable contract between Brand Bolt and D2 Models, under which Plaintiffs are intended third-party beneficiaries.

40. The Booking Agreement expressly limited the duration of authorized use of Plaintiffs' professional testimonials and likenesses to one (1) year and required Brand Bolt to notify D2 Models and to negotiate additional fees for any usage beyond the initially permitted use.

41. Plaintiffs performed all conditions, covenants, and promises required on their part under the Booking Agreement, except for those for which they were excused.

42. Brand Bolt breached the Booking Agreement by, among other things, continuing to use Plaintiffs' professional testimonials and likenesses beyond the one-year authorized usage period without authorization.

43. As a direct and proximate result of Brand Bolt's breach of the Booking Agreement, Plaintiffs have suffered damages in an amount to be determined at trial but in excess of $75,000.00 per Plaintiff, including but not limited to the loss of reasonable model licensing fees and related damages.

44. Pursuant to the Mutual Provision for Attorneys' Fees in the Booking Agreement, Plaintiffs are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract – Model Release – By All Plaintiffs Against Brand Bolt)**

45. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

46. Each Plaintiff individually executed a Model Release directly with the Client (Brand Bolt), which constitutes a valid and enforceable contract between each Plaintiff and Brand Bolt.

47. The Model Release expressly limited the authorized use of each Plaintiff's likeness and video footage to a term of one (1) year from the session dates of February 27–28, 2021.

48. Plaintiffs performed all conditions, covenants, and promises required on their part under the Model Release, except for those for which they were excused.

49. Brand Bolt breached the Model Release by continuing to use Plaintiffs' likenesses and video footage beyond the expressly authorized one-year term and without Plaintiffs' consent.

50. As a direct and proximate result of Defendants' breach of the Model Release, Plaintiffs have suffered damages in an amount to be determined at trial but in excess of $75,000.00 per Plaintiff, including but not limited to the loss of reasonable

model licensing fees, the loss of their right to control the commercial use of their likenesses, and related damages.

**THIRD CLAIM FOR RELIEF**

**(Violation of California Civil Code § 3344 – Misappropriation of Likeness – By All Plaintiffs Against All Defendants)**

51. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

52. In or about early January of 2025, Plaintiffs discovered that Defendants were using their respective likenesses, and/or images in video testimonials for purposes of advertising, selling, and soliciting purchases of Defendants' beauty and skincare products, without Plaintiffs' prior consent.

53. Any consent that Plaintiffs provided through the Model Release was expressly limited to a one-year term. That limited consent expired on or about February 28, 2022. Thus, Defendants' use of Plaintiffs' likenesses after that date was and is unauthorized and in violation of California Civil Code § 3344.

54. Defendants' unauthorized use of Plaintiffs' likenesses has a direct connection to the commercial purpose of advertising, selling, and soliciting purchases of Defendants' beauty products. Defendants have used Plaintiffs' likenesses and video testimonials to promote and sell products under the "MiamiMD" brand name, among others.

55. Defendants' use of Plaintiffs' likenesses was knowing and willful. Defendants entered into the Booking Agreement and the Model Releases with full knowledge of the one-year usage limitation. Defendants were put on notice of their unauthorized uses by D2 Models on January 28, 2025, and a further cease-and-desist letter from Plaintiffs' counsel on September 24, 2025, yet continued their unauthorized use.

56. Plaintiffs are informed and believe and thereon allege that Defendant Cole personally directed, authorized, and ratified the unauthorized use of Plaintiffs' likenesses and is individually liable under California Civil Code § 3344.

57. As a direct and proximate result of Defendants' violations of California Civil Code § 3344, each Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

58. Under California Civil Code § 3344(a) Plaintiffs are each entitled to recover (a) the greater of (i) actual damages suffered as a result of the unauthorized use of each of their images and likenesses, including the reasonable value of their respective likenesses and the loss of licensing fees, or (ii) the statutory minimum of $750.00 per unauthorized use, pursuant to California Civil Code § 3344(a); (b) any profits from the unauthorized use that are attributable to such use and are not taken into account in computing actual damages, pursuant to California Civil Code § 3344(a); (c) punitive damages, as Defendants' conduct was willful, knowing, and deliberate; and, (d) reasonable attorneys' fees and costs of suit.

## **FOURTH CLAIM FOR RELIEF**

**(Common Law Misappropriation of Likeness – By All Plaintiffs Against All Defendants)**

59. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

60. Defendants used Plaintiffs' names, likenesses, and identities in video testimonials and advertising materials to promote and sell Defendants' beauty and skincare products without authorization after the expiry of the one year term provided for in the Booking Agreement and Model Release.

61. Defendants gained a commercial benefit and other advantages by using Plaintiffs' names, likenesses, and identities without authorization.

62. As a direct and proximate result of Defendants' unauthorized use of Plaintiffs' names, likenesses, and identities, Plaintiffs have been harmed and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

63. As a proximate result of the above misappropriation of likenesses, Plaintiffs were exposed to loss of reputation humiliation, embarrassment, hurt feeling, mental anguish, and suffering, all to their general damage in an amount according to proof.

64. In making the misappropriation described above, Defendants acted with negligence, oppression, fraud, and malice, engaging in despicable conduct carried on by Defendants with a willful and conscious disregard of Plaintiffs' rights and have subjected them to cruel and unjust hardship and humiliation in conscious disregard of their rights, engaging in deceit and concealing material facts known to Defendants with the intention on the part of Defendants to thereby deprive Plaintiffs of their property rights, legal rights and otherwise to cause Plaintiffs and injury, as described herein above. In doing the acts alleged herein, Defendants without Plaintiffs' consent, invaded their right to privacy by unlawfully publishing their likenesses.

65. As a direct and proximate result of DEFENDANTS' negligent and/or reckless conduct, Plaintiffs have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. For compensatory damages according to proof at trial, in an amount in excess of $75,000.00 per Plaintiff;

b. For punitive and exemplary damages in an amount sufficient to punish Defendants and deter similar conduct in the future;

c. For a permanent injunction prohibiting Defendants from any further use of Plaintiffs' likenesses, photographs, images, and professional testimonials;

d. For reasonable attorneys' fees and costs of suit pursuant to the Booking Agreement and California Civil Code § 3344(a);
e. For pre-judgment and post-judgment interest as allowed by law; and
f. For such other and further legal and equitable relief as the Court deems proper.

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 4, 2026 DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M Doniger, Esq.
David Shein, Esq.
Nelson A. Campbell, Esq.
Attorneys for Plaintiffs