CHRISTOPHER B. QUEALLY (SBN: 229154)
cqueally@grsm.com
CHRISTOPHER E. CANTON (SBN: 263683)
ccanton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendants
BRAND BOLT, LLC and MIAMI SKINCARE, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ADRIANNE HARRIS, an individual, ALEKSANDRA KANIAK, an individual, ANDREA CARTER-MEIER, an individual, CAROL STOELTING, an individual, DAKOTA SAL, an individual, DEENA TRAINA, an individual, EMMA WARD, an individual, JENNIFER CAPRICCIO, an individual, LISA CLYDE, an individual, NANCY WETZEL, an individual, SHAY YUVAL, an individual, VICKI HANSON, an individual,

Plaintiffs,

v.

BRAND BOLT, LLC, a Delaware limited liability company; MIAMI SKINCARE, LLC, a Delaware limited liability company; MIAMIMD, LLC, a Florida limited liability company, and DOES 1-10,

Defendants.

Case No. 2:26-cv-02332-BFM
Hon. Brianna Fuller Mircheff

**BRAND BOLT, LLC AND MIAMI SKINCARE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

Action Filed: March 4, 2026
FAC Filed: September 8, 2026

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

Defendants Brand Bolt, LLC ("Brand Bolt") and Miami Skincare, LLC ("Miami Skincare") (together, "Answering Defendants") answer the First Amended Complaint ("FAC") of Plaintiffs Adrianne Harris, Aleksandra Kaniak, Andrea Carter-Meier, Carol Stoelting, Dakota Sal, Deena Traina, Emma Ward, Jennifer Capriccio, Lisa Clyde, Nancy Wetzel, Shay Yuval, and Vicki Hanson ("Plaintiffs") as follows.

The numbered paragraphs below correspond to the numbered paragraphs of the FAC. Where the FAC refers to "Defendants" collectively, each Answering Defendant responds only for itself.

Where the FAC quotes or characterizes a document, Answering Defendants admit only that the document contains the quoted language, and deny any characterization inconsistent with the document's terms.

Counts One and Two are asserted against Brand Bolt only. Miami Skincare responds to the allegations incorporated in those Counts only as they concern Miami Skincare.

Allegations that state legal conclusions require no response. To the extent a response is required, they are denied.

Any allegation not expressly admitted is denied. Fed. R. Civ. P. 8(b)(3).

## **RESPONSES TO ALLEGATIONS OF FIRST AMENDED COMPLAINT**

## **JURISDICTION & VENUE**

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Brand Bolt is a Delaware limited liability company with its principal place of business in Colorado, and that Miami Skincare is a Delaware limited liability company with its principal place of business in Delaware. Answering Defendants admit that none of their members is a citizen of California or Georgia. Answering Defendants lack knowledge or information sufficient to form a belief about the citizenship of

Plaintiffs and of MiamiMD, LLC and its members, and on that basis deny those allegations. Answering Defendants deny that any Plaintiff has sustained damages exceeding $75,000, exclusive of interest and costs, and deny that any Plaintiff is entitled to recover any amount; they deny the remaining allegations of Paragraph 1.

2. Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Brand Bolt admits that the Booking Agreement attached as Exhibit A contains a section titled "Governing Law," and denies any characterization inconsistent with its terms. Brand Bolt does not contest personal jurisdiction in this action. Brand Bolt denies that it "purposefully directed" any wrongful conduct into California and denies remaining allegations of Paragraph 2.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Jonathon Cole submitted a declaration in this action (ECF 11-1), and deny any characterization inconsistent with it. Answering Defendants admit that Omer Goldstein, who resides in California, handled advertising for the MiamiMD brand. Miami Skincare denies that it funded, managed, approved, placed, published, re-published, targeted, re-targeted, or caused any advertisement using Plaintiffs' likenesses after the authorized term. Answering Defendants deny remaining allegations of Paragraph 3.

4. Paragraph 4 is directed to MiamiMD, LLC and requires no response from Answering Defendants. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny them.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Brand Bolt admits that the Booking Agreement contains a forum provision, and denies any characterization inconsistent with its terms. Answering Defendants do not contest that venue is proper in this District.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

They deny that they committed any wrongful act or omission, in this District or elsewhere, and deny the remaining allegations of Paragraph 5.

**PARTIES**

6–17. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' citizenship and residence in Paragraphs 6 through 17, and on that basis deny them.

18. Brand Bolt admits that it is a Delaware limited liability company with its principal place of business in Colorado. It admits that it entered into the Booking Agreement. It admits that no other defendant is a party to the Booking Agreement or is named as the "Client" in the Limited Artist Releases. Brand Bolt admits that it does business under the MIAMIMD brand. Answering Defendants deny the remaining allegations of Paragraph 18.

19. Answering Defendants admit that Miami Skincare is a Delaware limited liability company with its principal place of business in Delaware. They admit the articles of amendment of Brand Bolt LLC. They admit that Brand Bolt is the manager of Miami Skincare. Answering Defendants admit that Mr. Cole's declaration contains the quoted phrase, and deny any characterization inconsistent with it. Answering Defendants deny the remaining allegations of Paragraph 19.

20. Answering Defendants admit that Mr. Cole is the Manager of Brand Bolt, which is the manager of Miami Skincare; that his declaration in this action contains the statements described in Paragraph 20; and that he is not named as a defendant in the FAC. They deny the remaining allegations of Paragraph 20.

21. Paragraph 21 is directed to MiamiMD, LLC and requires no response from Answering Defendants. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny them.

22. Brand Bolt admits that Peter Kell, then a member of Brand Bolt,

signed the Booking Agreement on its behalf, and that Brand Bolt is a party to the Booking Agreement. Brand Bolt further alleges that Mr. Kell sold his entire membership interest and ceased to be a member of Brand Bolt on or about March 23, 2021. Answering Defendants lack knowledge or information sufficient to form a belief about the activities of Mr. Kell after March 23, 2021, or of Ad Venture Holdings, LLC, as alleged, and on that basis deny them. They deny the remaining allegations of Paragraph 22.

23. Answering Defendants admit that Brand Bolt is the manager of Miami Skincare and that employees of Brand Bolt perform work on the MiamiMD brand. They deny that they commingle funds, that either is the alter ego of the other, and that adherence to their separate existence would promote injustice, and deny the remaining allegations of Paragraph 23.

24. Answering Defendants admit that in 2020 the Florida limited liability company then named Brand Bolt LLC changed its name to Miami Skincare LLC, and that Brand Bolt, LLC was formed in Delaware in 2020. They admit that in or about September 2020, Miami Skincare amended its filings to remove Mr. Cole and Mr. Kell as its managers and to designate Brand Bolt as its sole manager. They admit that Brand Bolt holds an ownership interest in Miami Skincare. They deny the remaining allegations of Paragraph 24.

25. Answering Defendants admit that Mr. Cole made statements in this action that contain the quoted phrases, and that he produced an operating agreement in discovery. They deny Plaintiffs' characterizations of those statements and that document, deny that the entities are one business or share management or control in any manner that disregards their separate existence, and deny the remaining allegations of Paragraph 25.

26. Answering Defendants deny the allegations of Paragraph 26.

27. Answering Defendants lack knowledge or information sufficient to

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

form a belief about the identity or conduct of the fictitiously named Doe defendants, and on that basis deny the allegations of Paragraph 27. To the extent Paragraph 27 alleges conduct by Answering Defendants, those allegations are denied.

## FACTUAL STATEMENT

28. Answering Defendants admit that Brand Bolt, doing business as MiamiMD, markets and sells skincare products under the MIAMIMD brand, including a lift-and-firm cream. Answering Defendants deny the remaining allegations of Paragraph 28.

29. Answering Defendants deny the allegations of Paragraph 29.

30. Brand Bolt admits that Direct2Pro, LLC d/b/a D2 Models ("D2") is the counterparty to the Booking Agreement. Answering Defendants lack knowledge or information sufficient to form a belief about Plaintiffs' professions, D2's licensing status, or D2's representation of each Plaintiff, and on that basis deny the remaining allegations of Paragraph 30.

31. Brand Bolt admits that it entered into a Booking Agreement with D2 dated on or about February 9, 2021. It admits that Exhibit A appears to be a copy of that agreement, and denies any characterization inconsistent with its terms. Answering Defendants deny the remaining allegations of Paragraph 31.

32. Brand Bolt admits that the Booking Agreement bears Job # LAX-210201-BBOMAR and contains the quoted language, and denies any characterization inconsistent with its terms. Brand Bolt admits that a video shoot took place on or about February 27–28, 2021. Answering Defendants lack knowledge or information sufficient to form a belief about which Plaintiffs participated, and on that basis deny those allegations. They deny the remaining allegations of Paragraph 32.

33. Brand Bolt admits that the Booking Agreement contains the quoted

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

language, and denies any characterization inconsistent with its terms. Answering Defendants deny that the Booking Agreement limited the use of any defendant other than Brand Bolt, which is its only client party. They deny the remaining allegations of Paragraph 33.

34. Answering Defendants deny the allegations of Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Brand Bolt admits that the Booking Agreement contains a "Model Names" box, and denies any characterization inconsistent with its contents. Answering Defendants affirmatively allege that the Model Names box does not list Lisa Clyde. They deny that Plaintiffs are intended third-party beneficiaries of the Booking Agreement and deny the remaining allegations of Paragraph 35.

36. Brand Bolt admits that Exhibit B purports to contain Limited Artist Releases ("Releases") bearing Job # LAX-210201-BBOMAR and identifying Brand Bolt LLC (dba "Miami MD"). Answering Defendants lack knowledge or information sufficient to form a belief about whether each Plaintiff signed the Release attributed to her, or when, and on that basis deny those allegations. They deny the remaining allegations of Paragraph 36.

37. Brand Bolt admits that the Releases contain the quoted language, and Answering Defendants deny any characterization inconsistent with them. They deny that the Releases limited every grant to one year, and deny the remaining allegations of Paragraph 37.

38. Brand Bolt admits that the Booking Agreement contains the quoted language under the heading "Model Voucher and Release Form," and denies any characterization inconsistent with its terms. Answering Defendants deny that any breach occurred that could trigger that provision. They deny that the Releases are void, and deny the remaining allegations of Paragraph 38.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

39. Answering Defendants deny the allegations of Paragraph 39.

40. Answering Defendants lack knowledge or information sufficient to form a belief about whether each Plaintiff performed, and on that basis deny the allegations of Paragraph 40.

41. Answering Defendants deny the allegations of Paragraph 41.

**DEFENDANTS' POST-EXPIRATION PAID ADVERTISING DEPLOYMENTS AND REPUBLICATIONS**

42–47. Answering Defendants deny that any such advertising constituted a separate publication, republication, or audience-selection event, and deny the remaining allegations of Paragraphs 42 through 47. To the extent Paragraph 44 defines terms, no response is required. To the extent a response is required, Answering Defendants deny that the definitions accurately describe any conduct by them.

48. Answering Defendants admit that MIAMIMD-brand advertising has used creative that does not feature Plaintiffs, and deny the remaining allegations of Paragraph 48.

49. Answering Defendants deny that any "post-expiration publications and republications" occurred as alleged. They lack knowledge or information sufficient to form a belief about Plaintiffs' expectations of discovery, and on that basis deny the remaining allegations of Paragraph 49.

50. Answering Defendants deny the allegations of Paragraph 50.

51. Brand Bolt admits that a Google advertising identifier is among the advertising identifiers produced in this action. Answering Defendants deny that the Booking Agreement and the Releases "authorized limited video use only," and refer to the Releases' express grant of permission concerning "photographic images." They deny that the advertisement constituted a new publication, republication, or audience-selection event, and deny the remaining allegations of Paragraph 51.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

52. Answering Defendants deny the allegations of Paragraph 52.

53. Answering Defendants deny the allegations of Paragraph 53.

54. Answering Defendants deny the allegations of Paragraph 54.

55. Answering Defendants lack knowledge or information sufficient to form a belief about "Plaintiffs' investigation." Brand Bolt admits that the advertising identifiers produced in this action relate to advertising that included the footage. Answering Defendants deny that each identifier constituted a separate use, publication, or republication, and deny the remaining allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 56.

**TIME AND MANNER OF DISCOVERY AND PLAINTIFFS' INABILITY TO DISCOVER EARLIER**

57–58. Answering Defendants lack knowledge or information sufficient to form a belief about when or how Plaintiffs or D2 learned of any advertisement, or what investigation they conducted. On that basis, they deny the allegations of Paragraphs 57 and 58.

59–63. Answering Defendants lack knowledge or information sufficient to form a belief about what Plaintiffs or D2 knew or searched for, and on that basis deny those allegations. Answering Defendants deny that the challenged advertisements were secretive, concealed, or not reasonably discoverable. They deny the remaining allegations of Paragraphs 59 through 63.

64. Brand Bolt admits that the Booking Agreement contains the "Additional Fees" provision, and denies any characterization inconsistent with its terms. Answering Defendants admit that a written response sent on or about February 11, 2025 and they deny Plaintiffs' characterizations of that response. They deny that Plaintiffs' alleged delay in discovery was reasonable, and deny the

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

remaining allegations of Paragraph 64.

65–68. Answering Defendants lack knowledge or information sufficient to form a belief about the general operation of third-party advertising platforms as alleged, and on that basis deny those allegations. Answering Defendants deny that they concealed advertising from Plaintiffs. They deny the remaining allegations of Paragraphs 65 through 68.

69. Answering Defendants deny that they directed advertising away from Plaintiffs or concealed it from them. They lack knowledge or information sufficient to form a belief about the remaining allegations, and on that basis deny the remaining allegations of Paragraph 69.

70. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, and on that basis deny them.

71. On information and belief, Answering Defendants admit that Meta's Ad Library is publicly accessible and permits any member of the public to search by advertiser for active advertisements. They lack knowledge or information sufficient to form a belief about the platforms' retention policies as alleged, and on that basis deny those allegations. They deny the remaining allegations of Paragraph 71.

72. Answering Defendants deny the allegations of Paragraph 72.

73. Brand Bolt admits that no fees beyond those paid for the booking were negotiated or paid. Answering Defendants deny that any obligation to give notice or pay additional fees arose or was breached. They deny the remaining allegations of Paragraph 73.

**<u>NOTICE, POST-NOTICE CONDUCT, AND WILLFULNESS</u>**

74. Answering Defendants admit that D2 sent a written communication on or about January 28, 2025. They deny Plaintiffs' characterizations of it and deny the

remaining allegations of Paragraph 74.

75. Answering Defendants admit that a written response was sent. They deny Plaintiffs' characterizations of that response and deny the remaining allegations of Paragraph 75.

76. Answering Defendants admit that D2 sent a demand in or about March 2025. They deny the remaining allegations of Paragraph 76.

77. Answering Defendants admit that a written communication sent on or about March 27, 2025 contained the quoted language, and object to any use of that communication under Federal Rule of Evidence 408. They deny Plaintiffs' characterization of the communication and deny the remaining allegations of Paragraph 77.

78–79. Answering Defendants deny the allegations of Paragraphs 78 and 79.

80. Answering Defendants admit that Plaintiffs' counsel sent a letter dated on or about September 24, 2025. They admit that they did not provide the requested accounting. They deny that they had any obligation to do so, and deny the remaining allegations of Paragraph 80.

81. Answering Defendants deny the allegations of Paragraph 81.

**MIAMI SKINCARE'S DIRECT CONDUCT AND THE MIAMI MD / MIAMIMD SALES CHANNEL**

82. Answering Defendants deny the allegations of Paragraph 82.

83. Answering Defendants admit that Mr. Cole responded from a Brand Bolt email account. They deny the remaining allegations of Paragraph 83.

84–85. Answering Defendants deny the allegations of Paragraphs 84 and 85.

86. Answering Defendants lack knowledge or information sufficient to form a belief about Plaintiffs' licensing income and practices, and on that basis deny those allegations. They deny that they deprived Plaintiffs of any right, and deny the remaining allegations of Paragraph 86.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**FIRST CLAIM FOR RELIEF**

**Breach of Contract (Booking Agreement) Against Brand Bolt**

87. Answering Defendants incorporate their responses to Paragraphs 1 through 86 as though fully set forth here. The First Claim is not asserted against Miami Skincare, so no response is required from Miami Skincare to Paragraphs 87 through 94.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, Brand Bolt admits that the Booking Agreement is a contract between Brand Bolt and D2. Brand Bolt denies that Plaintiffs are intended third-party beneficiaries of it, and denies the remaining allegations of Paragraph 88.

89. Brand Bolt admits that the Booking Agreement contains the quoted terms. Brand Bolt denies Plaintiffs' characterization of it and denies the remaining allegations of Paragraph 89.

90–93. Brand Bolt denies the allegations of Paragraphs 90 through 93. It specifically denies that the Booking Agreement imposed a "continuing and recurring" obligation that gives rise to separate breaches as alleged in Paragraph 92.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, Brand Bolt denies that Plaintiffs are entitled to attorneys' fees, costs, or expenses under the Booking Agreement or otherwise.

**SECOND CLAIM FOR RELIEF**

**Breach of Contract - Model Release - Against Brand Bolt**

95. Answering Defendants incorporate their responses to Paragraphs 1 through 94 as though fully set forth here. The Second Claim is not asserted against Miami Skincare, so no response is required from Miami Skincare to Paragraphs 95 through 101.

96. Paragraph 96 states legal conclusions to which no response is required.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

To the extent a response is required, Brand Bolt admits that Releases were executed in connection with the shoot and identify Brand Bolt as the Client. Brand Bolt admits that each Release, to the extent signed by the respective Plaintiff, is a valid and enforceable agreement. Each such Release sets out the permission, waiver, and release that Plaintiff granted to Brand Bolt and its assigns, licensees, and successors in interest. Brand Bolt lacks knowledge or information sufficient to form a belief about whether each Plaintiff signed the Release attributed to her, and on that basis denies that allegation. Brand Bolt denies the remaining allegations of Paragraph 96.

97. Brand Bolt admits that the Releases contain the quoted terms. Brand Bolt denies that each Release limited every grant to one year. It refers to the Releases' grant concerning "photographic images." Brand Bolt denies the remaining allegations of Paragraph 97.

98–101. Brand Bolt denies the allegations of Paragraphs 98 through 101.

**THIRD CLAIM FOR RELIEF**

**Violation of California Civil Code § 3344 — Misappropriation Of Likeness – By All Plaintiffs Against All Defendants**

102. Answering Defendants incorporate their responses to Paragraphs 1 through 101 as though fully set forth here.

103. Answering Defendants lack knowledge or information sufficient to form a belief about when Plaintiffs discovered any use, and on that basis deny those allegations. They deny that they used Plaintiffs' names, likenesses, images, or footage without consent, and deny the remaining allegations of Paragraph 103.

104. Answering Defendants deny Plaintiffs' characterization of the scope and duration of the consent granted. They deny that any use by them was unauthorized or violated Civil Code section 3344, and deny the remaining allegations of Paragraph 104.

105. Answering Defendants deny the allegations of Paragraph 105.

106–109. Paragraphs 106 through 109 state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraphs 106 through 109.

110. Paragraph 110 is directed to MiamiMD, LLC and requires no response from Answering Defendants. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny them.

111. Brand Bolt admits that it entered into the Booking Agreement. Answering Defendants admit that D2 sent a written communication on or about January 28, 2025, and that Plaintiffs' counsel sent a letter dated on or about September 24, 2025. They deny that their conduct was willful, and deny the remaining allegations of Paragraph 111.

112–113. Answering Defendants deny the allegations of Paragraphs 112 and 113. They deny that Plaintiffs are entitled to actual damages, statutory damages, profits, punitive damages, or attorneys' fees. They specifically deny that statutory damages accrue per advertisement, per ad identifier, per targeting decision, or per impression.

**FOURTH CLAIM FOR RELIEF**

**Common Law Misappropriation of Likeness — Against All Defendants**

114. Answering Defendants incorporate their responses to Paragraphs 1 through 113 as though fully set forth here.

115–120. Answering Defendants deny the allegations of Paragraphs 115 through 120.

**RESPONSE TO PRAYER FOR RELIEF**

Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, including subparagraphs (a) through (i), or to any relief at all.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Answering Defendants allege the following defenses. By doing so, they do not assume any burden of proof that the law places on Plaintiffs. Each defense is pleaded as to every claim to which it applies, and in the alternative where appropriate.

## FIRST DEFENSE: STATUTE OF LIMITATIONS
## (Third and Fourth Claims)

The Third and Fourth Claims are barred, in whole or in part, by the two-year statute of limitations. Code Civ. Proc. § 339(1). Under the single-publication rule, each claim accrued on the first general distribution of the challenged content. Civ. Code § 3425.3. Answering Defendants deny that the licensed term expired on February 28, 2022 (see Response to Paragraph 41). But even accepting, solely for purposes of this defense and without admitting it, Plaintiffs' allegation that post-term use began on or about that date (FAC ¶¶ 41–42), any such use began more than two years before this action was filed on March 4, 2026. Any claim based on a publication first made before March 4, 2024 is time-barred.

The discovery rule does not apply. Answering Defendants do not admit Plaintiffs' allegations concerning the timing, frequency, duration, or manner of any advertising, and refer to those allegations here only as Plaintiffs have pleaded them. Taking those allegations as true solely for purposes of this defense, the discovery rule would not apply for three reasons. First, the advertising Plaintiffs describe was publicly disseminated commercial advertising. Second, it ran under a brand name that Plaintiffs' own Releases identified. Third, Plaintiffs allege that Meta's public Ad Library displays advertisements while they run (FAC ¶ 71), and that the advertisements ran repeatedly after the term expired (FAC ¶¶ 42–43). If those allegations were true, the advertisements would have been searchable by advertiser during the period Plaintiffs describe. The advertising was neither inherently

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

secretive nor inherently undiscoverable. And Plaintiffs and D2, who on Plaintiffs' own theory knew when the one-year term ended, did not exercise reasonable diligence.

**SECOND DEFENSE: STATUTE OF LIMITATIONS**

**(First and Second Claims)**

The First and Second Claims are barred, in whole or in part, by the four-year statute of limitations for written contracts. Code Civ. Proc. § 337(a). Any breach alleged to have occurred before March 4, 2022 is time-barred.

**THIRD DEFENSE: SINGLE-PUBLICATION RULE**

Plaintiffs may maintain no more than one cause of action for any single publication or exhibition. Civ. Code § 3425.3. The advertising at issue drew on footage from a single two-day shoot, promoted a single product line under a single brand, and constituted a single integrated publication. None of the following constitutes a separate publication or republication giving rise to a separate cause of action or separate statutory damages: (a) continued dissemination of the same creative; (b) the assignment of platform-generated ad identifiers; (c) changes in budget, bidding, placement, or delivery settings; (d) automated platform optimization or audience selection; (e) individual impressions; or (f) edited, shortened, lengthened, re-cut, captioned, reformatted, or translated versions of the same footage, or still frames drawn from it, used to advertise the same products.

**FOURTH DEFENSE: CONSENT AND LICENSE**

Plaintiffs consented to the use of their likenesses. The Booking Agreement and the Releases licensed use in social media and internet, digital, and mobile advertising, worldwide. The Releases also gave "specific permission to: publish, copyright, distribute and/or display photographic images" taken on the session dates. Neither document states when the term began. Any use within the scope and

term of that consent is not actionable under Civil Code section 3344, common law, or contract.

**FIFTH DEFENSE: RELEASE AND WAIVER OF APPROVAL RIGHTS**

Plaintiffs' claims are barred, in whole or in part, by the releases and waivers in the Releases. Civ. Code § 1541. In each Release, the Plaintiff (a) for the duration specified in the Release and as long as the Client abides by its terms, released and discharged the Client, and its assigns, licensees, and successors in interest, from "any and all liability," including claims for invasion of privacy, "by virtue of distortion, blurring, alteration, optical illusion and/or use in composite form;" (b) agreed to "give up any and all future claims and rights, which I may have at any time;" and (c) waived "any right to inspect or approve the video footage or finished version(s) incorporating the video(s)." The waiver in clause (c) and the agreement in clause (b) are not limited in duration. Brand Bolt denies that it failed to abide by the terms of any Release. At a minimum, claims resting on the editing, shortening, re-cutting, captioning, translation, or composite use of licensed footage are barred by these.

**SIXTH DEFENSE: NO THIRD-PARTY BENEFICIARY STANDING (FIRST CLAIM)**

Plaintiffs are not intended third-party beneficiaries of the Booking Agreement between Brand Bolt and D2, and may not enforce it. Enforcement by individual models is inconsistent with the agreement's structure, which (a) makes D2 the party to be notified and to negotiate additional fees; (b) directs all payments to D2; and (c) reserves amendment to "Client and D2 Models." At a minimum, Plaintiff Lisa Clyde is not named in the Booking Agreement's Model Names box and cannot claim its benefit.

**SEVENTH DEFENSE: FAILURE TO STATE A CLAIM**

The FAC fails to state a claim on which relief can be granted, in whole or in

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

part. The defense is preserved under Federal Rule of Civil Procedure 12(h)(2). Among other things, the FAC (a) fails to allege facts showing any knowing use by Miami Skincare; (b) fails to allege facts supporting alter-ego, agency, conspiracy, ratification, or single-enterprise liability; (c) fails to allege a republication within the limitations period as to each Plaintiff and each Answering Defendant; and (d) groups Defendants together in the Third and Fourth Claims without identifying each Answering Defendant's conduct, contrary to Rule 8.

**EIGHTH DEFENSE: SEPARATE CORPORATE EXISTENCE**

Brand Bolt and Miami Skincare are separate legal entities. They maintain separate books and accounts, do not commingle funds, and do not share bank accounts or payment processors. Miami Skincare is not a party to the Booking Agreement or any Release. Plaintiffs cannot impose liability on either entity for the acts of the other, or of any third party, through alter-ego or related theories. To the extent Plaintiffs seek to hold Miami Skincare liable for the obligations or conduct of Brand Bolt, that theory is one of outside reverse veil piercing.

**NINTH DEFENSE: NO KNOWING OR WILLFUL USE**

Civil Code section 3344 imposes liability only for a knowing use, and Plaintiffs bear the burden of proving it as to each Answering Defendant. Miami Skincare did not use Plaintiffs' likenesses. Answering Defendants deny that any use of Plaintiffs' likenesses after the licensed term was willful, or was made with oppression, fraud, or malice.

**TENTH DEFENSE: ACTS OF THIRD PARTIES**

To the extent Plaintiffs suffered any harm, it was caused by the independent acts or omissions of persons or entities other than Answering Defendants and outside their control, and not by any act or omission of Answering Defendants. Those persons or entities may include advertising platforms and their automated delivery systems, Ad Venture Holdings, LLC, MiamiMD, LLC, and Doe

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

defendants. Answering Defendants are not liable for the conduct of such third parties.

**ELEVENTH DEFENSE: FAILURE TO MITIGATE**

Plaintiffs failed to take reasonable steps to mitigate their alleged damages. By their own allegation, Plaintiffs and D2 knew of the challenged use by January 5, 2025. Yet they waited more than fourteen months to file suit. They also failed to use the advertising platforms' reporting procedures to seek removal of the advertisements. Any recovery must be reduced accordingly.

**TWELFTH DEFENSE: OFFSET AND SETOFF**

Brand Bolt paid the agreed session and usage fees, including $1,000 per model plus service charges paid to D2. Any recovery must be offset by all amounts paid to Plaintiffs or to D2 on their behalf.

**THIRTEENTH DEFENSE: NO DUPLICATIVE RECOVERY**

Plaintiffs seek damages for the same alleged use under two contract theories, a statutory theory, and a common-law theory. Plaintiffs may not recover more than once for the same injury.

**FOURTEENTH DEFENSE: LIMITATION ON CONTRACT DAMAGES**

Damages on the First and Second Claims, if any, are limited to the reasonable license fee for any use beyond the licensed term. Civ. Code §§ 3300, 3358. Emotional-distress and punitive damages are not recoverable for breach of contract. Civ. Code § 3294(a).

**FIFTEENTH DEFENSE: STATUTORY DAMAGES AND PROFITS LIMITED**

Any statutory award under Civil Code section 3344(a) is limited to the greater of $750 or actual damages for each Plaintiff. It is not computed per advertisement, per ad identifier, per platform, per targeting decision, or per impression. Any award of profits is limited to profits "attributable to the use" of

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

each Plaintiff's likeness. It must be apportioned, net of deductible expenses, and must exclude profits taken into account in computing actual damages.

**SIXTEENTH DEFENSE: PUNITIVE DAMAGES BARRED OR LIMITED**

Punitive damages are unavailable absent clear and convincing proof of oppression, fraud, or malice. They also require advance knowledge, authorization, or ratification by an officer, director, or managing agent. Civ. Code § 3294(a)–(b). Any award would also be subject to the Due Process Clause.

**SEVENTEENTH DEFENSE: ADEQUATE REMEDY AT LAW**

Plaintiffs seek disgorgement, restitution, a constructive trust, and an equitable accounting. These equitable remedies are barred because Plaintiffs have an adequate remedy at law, including the damages and profits available under Civil Code section 3344(a).

**EIGHTEENTH DEFENSE: LACHES (EQUITABLE RELIEF)**

Plaintiffs' claims for equitable relief are barred by laches. Plaintiffs and D2 knew of the challenged use by January 2025 but unreasonably delayed suit until March 2026.

**NINETEENTH DEFENSE: NO BASIS FOR INJUNCTIVE RELIEF**

Plaintiffs are not entitled to a permanent injunction. Plaintiffs must satisfy the traditional equitable requirements for permanent injunctive relief, including irreparable injury, the inadequacy of remedies at law, the balance of hardships, and the public interest. The availability of injunctive relief under Civil Code section 3344 does not relieve Plaintiffs of that burden.

**TWENTIETH DEFENSE: LACK OF SUBJECT-MATTER JURISDICTION**

The Court lacks subject-matter jurisdiction if complete diversity is absent. A limited liability company is a citizen of every state of which any of its members is a citizen. The presence of a single nondiverse party defeats original diversity jurisdiction over the entire action.

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**TWENTY-FIRST DEFENSE: COPYRIGHT PREEMPTION**
**(THIRD AND FOURTH CLAIMS)**

The Third and Fourth Claims are preempted, in whole or in part, by the Copyright Act. 17 U.S.C. § 301(a). Each Release acknowledges that the Client "owns the copyright to the video footage and photographic images" captured at the session. The Third and Fourth Claims challenge the reproduction, adaptation, distribution, and display of those works, including their editing, shortening, re-cutting, and translation and the extraction of still images from them. To the extent those claims seek to control the use of the copyrighted works themselves, they assert rights equivalent to the exclusive rights under 17 U.S.C. § 106 in works within the subject matter of copyright, and are preempted.

**RESERVATION**

Answering Defendants have not knowingly or intentionally waived any applicable defense. They reserve the right to seek leave to amend this Answer to assert additional defenses as discovery warrants.

**PRAYER FOR RELIEF**

Answering Defendants pray for judgment as follows:

1. That Plaintiffs take nothing from Answering Defendants by the FAC;
2. That the FAC be dismissed with prejudice as to Answering Defendants, and judgment be entered in their favor;
3. For an award of reasonable attorneys' fees and costs, including under Civil Code section 3344(a), the Booking Agreement's Mutual Provision for Attorneys' Fees, and Civil Code section 1717;
4. For costs of suit; and
5. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38 and Local Rule 38-1, Answering

Defendants demand a trial by jury on all issues so triable.

DATED: September 25, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: *Christopher E. Canton*
Christopher B. Queally, Esq.
Christopher E. Canton, Esq.
Attorneys for Defendants,
Brand Bolt, LLC and Miami
Skincare, LLC

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614