CHRISTOPHER B. QUEALLY (SBN: 229154)
cqueallly@grsm.com
CHRISTOPHER E. CANTON (SBN: 263683)
ccanton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

***Attorneys for Defendants***
***Brand Bolt, LLC and Miami SkinCare LLC***



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ADRIANNE HARRIS, an individual, ALEKSANDRA KANIAK, an individual, ANDREA CARTER-MEIER, an individual, CAROL STOELTING, an individual, DAKOTA SAL, an individual, DEENA TRAINA, an individual, EMMA WARD, an individual, JENNIFER CAPRICCIO, an individual, LISA CLYDE, an individual, NANCY WETZEL, an individual, SHAY YUVAL, an individual, VICKI HANSON, an individual,

Plaintiffs,

v.

BRAND BOLT, LLC, a Delaware limited liability company; MIAMI SKINCARE, LLC, a Delaware limited liability company; MIAMIMD LLC, a Florida limited liability company, and DOES 1-10,

Defendants.

Case No. 2:26-cv-02332

**DEFENDANTS BRAND BOLT, LLC AND MIAMI SKINCARE, LLC'S EX PARTE APPLICATION FOR AN ORDER DIRECTING THE CLERK TO REFRAIN FROM ENTERING JUDGMENT ON THE NOTICE OF ACCEPTANCE OF RULE 68 OFFER (ECF 30), AND SETTING A HEARING AND FURTHER BRIEFING SCHEDULE; DECLARATION OF CHRISTOPHER B. QUEALLY**

Action Filed: March 4, 2026
FAC Filed: September 8, 2026

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 7-19 of Local Rules – Central District of California, Defendants Brand Bolt, LLC and Miami SkinCare, LLC ("Defendants"), by and through their counsel of record, hereby seek an order of the Court determining the October 2, 2026, purported Acceptance of the October 9, 2026 Rule 68 Offer to be ineffective and that no enforceable Rule 68 agreement was forced due to a material failure of assent, or alternatively setting a briefing schedule and hearing to determine enforceability of the Rule 68 Offer and Acceptance.

Defendants further request that, if the Notice of Acceptance is found ineffective, the Court confirm that the parties remain free to make a new Rule 68 offer.

Plaintiffs are represented by Stephen M. Doniger, stephen@donigerlawfirm.com, David Shein, david@donigerlawfirm.com, and Nelson A. Campbell, ncampbell@donigerlawfirm.com of DONIGER / BURROUGHS, 603 Rose Avenue, Venice, California 90291, telephone: (310) 590-1820. Counsel for Defendants called the Doniger / Burroughs telephone number at approximately 5:58 p.m. on October 22, 2026, and left a voicemail message but did not receive a call in response by the time of this Application. Counsel for Defendants sent an email to opposing counsel outlining the relief to be sought on October 22, 2026, at approximately 8:05 p.m. *See* Declaration of Chrisotpher B. Queally ("Queally Dec."), ¶ 3, Ex. **A**. Defendants have not heard back.

///

///

///

///

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

## I. INTRODUCTION

Defendants Brand Bolt, LLC and Miami SkinCare, LLC ("Defendants") respectfully request the Court refrain from entering judgement on the October 22, 2026 Notice of Acceptance of Plaintiffs Adrianne Harris, Aleksandra Kaniak, Andrea Carter-Meier, Carol Stoelting, Dakota Sal, Deena Traina, Emma Ward, Jennifer Capriccio, Lisa Cylde, Nancy Wetzel Shay Yuval, Vicki Hanson ("Plaintiffs") to Rule 68 Offer, issue an order directing the Clerk to refrain from entering judgment, and allow an evidentiary hearing preceded by briefing because to the facial inconsistencies between the Offer and Notice of Acceptance ("Notice") reflects no mutual assent on material terms and thus no agreement.

The dispute presents a nuanced but highly consequential formation question. The Offer identifies itself in its caption title, its footer, and elsewhere as an offer of judgment by **both** related Defendants, whom Plaintiffs have alleged are liable jointly and severally for the same injury to Plaintiffs, i.e., damages due to misappropriation of Plaintiffs' likeness. To wit, the caption title of the Offer provides:

> ***DEFENDANTS*** **BRAND BOLT, LLC** ***AND*** **MIAMI SKINCARE, LLC'S OFFER OF JUDGMENT PURSUANT TO RULE 68 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ECF 30 (Ex. A) (Underline and italicized emphasis added). However, the Notice of Acceptance by Plaintiffs is captioned:

> **NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT AGAINST** ***DEFENDANT*** **BRAND**

**BOLT, LLC PER FED.R.CIV.P. §68**

ECF 30. (Underline and italicized emphasis added).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint in March 2026, alleging three causes of action for: (i) Breach of Contract; (ii) Misappropriation of Likeness Violation of Civil Code § 3344; and (iii) Misappropriation of Likeness Common Law. ECF 1. Plaintiffs named as defendants Brand Bolt, Miami SkinCare, LLC ("Miami SkinCare") and Jonathan Cole. *Id*.

Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on April 29, 2026. ECF 11 ("Mot."). The Court granted the Motion in part on June 5, 2026, but allowed Plaintiffs certain leave to amend. ECF 20 ("Order"). Specifically, the Court granted Plaintiffs leave to amend Plaintiffs' misappropriation of likeness claims for purposes of overcoming the statute of limitations. *See* Order, at 11 of 15 ("The Court will … permit Plaintiffs leave to amend to allege any facts that would support either [republication or discovery rule] theories. (Citations).") (Brackets added). However, the portion of the Order granting Miami SkinCare's Motion to Dismiss is silent as to amending, and states, simply: "Defendants' Motion to Dismiss is therefore granted to the extent that it seeks dismissal of Miami SkinCare." *Id*., at 14 of 15. Plaintiffs' claims against Miami SkinCare were based entirely on Miami SkinCare being the alter ego of Brand Bolt. *Id*.

Plaintiffs filed their First Amended Complaint ("FAC") on September 8, 2026, alleging four causes of action for breach of contract (I), breach of contract (II), misappropriation of likeness in violation of Civil Code § 3344, and misappropriation of likeness common law. ECF 22. Plaintiffs included Miami SkinCare as a defendant and alleged a new and different theory against Miami





GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

SkinCare, not based on alter ego. FAC, at 5:16-17. However, Plaintiffs still maintained that Defendants are jointly and severally liable and Plaintiffs make no attempt to distinguish between the two in the causes of action. *See, e.g.*, FAC, 22:8-9 ("On or about January 5, 2025, Plaintiffs discovered that Defendants were using their respective … likenesses,…")

Defendants were surprised since Miami SkinCare had been dismissed and Plaintiffs had not requested or been given leave to allege a new and different theory against Miami SkinCare. Nonetheless, out of an abundance of caution, Defendants' counsel answered on behalf of both Defendants. ECF 25.

Defendants made a Rule 68 offer on October 9, 2026. Defendants, represented by the same counsel, served one document, the Offer, captioned and footnoted as an offer by *both* Defendants; the signature block identifies counsel for both. ECF 30 (Ex. A, Offer). Although the text of the Offer identifies only one defendant, Brand Bolt, the Offer states, with regard to the offers being made to Plaintiffs, "[e]ach Individual Offer Amount is inclusive of *all* monetary recovery available to the accepting Plaintiff, including (a) any and all damages, including compensatory, statutory, and punitive damages; (b) disgorgement, restitution, and any other monetary or equitable relief; (c) prejudgment or post-judgment interest; and all costs, expenses, and attorneys' fees." ECF 30.

Plaintiffs filed a Notice of Acceptance on October 22, 2026, stating: "Plaintiffs hereby provide notice that they accept, and each do accept, the Fed. R. Civ. P. 68 Offer of Judgment made by Defendant Brand Bolt, LLC on October 9, 2026." ECF 30. The Notice does not expressly reserve claims against Miami SkinCare.

///

///

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

## III. LEGAL ANALYSIS

### A. The Court Should Enter an Order Directing the Clerk to Refrain from Entering Judgement Since There is No Mutual Assent on the Rule 68 Offer and Notice of Acceptance

Rule 68 offers are interpreted under ordinary principles of contractual construction, and the offeror ordinarily bears the consequences of ambiguous drafting. *See Erdman v. Cochise County*, 926 F.2d 877, 879-81 (9th Cir. 1991). Ninth Circuit law recognizes that extrinsic evidence may be considered to clarify ambiguities in material terms of Rule 68 offers. *See Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993).

The Offer and Notice of Acceptance presented to the Clerk reflect an obvious ambiguity: the Offer purports to be made on behalf of two Defendants in the caption title, footer, and signature block (with discussions of only one defendant in the text), whereas the Notice of Acceptance purports to accept the Offer as against only one of the two Defendants. Plaintiffs, in their FAC, allege joint and several liability against both Defendants in the third and fourth causes of action (the only causes of action where Miami SkinCare is named), and the Offer as captioned on behalf of both Defendants. However, the Notice of Acceptance purports to have judgment entered against only one of the two Defendants.

The broad, all-recovery clause in the Offer supports the inference that the proposed sums are calculated as a comprehensive monetary resolution of claims against both Defendants listed on the caption title. If Plaintiffs obtain a full judgment against Brand Bolt, while then proceeding against Miami SkinCare (which had been dismissed), the Offer will have failed to carry out its purpose: to terminate Defendants' common litigation exposure.

The two documents should be considered as a whole, and the title and footer



GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

of the Offer cannot be ignored in determining whether an agreement was formed. Under the mirror image rule, the Offer and Notice of Acceptance do not match one another as the terms are inconsistent on whom judgment may be entered against.

Moreover, this issue does not depend on an undisclosed subjective intent: the competing signals the face of two documents cannot be reconciled – at least not in the absence of an evidentiary hearing. There is a material question of fact as to whether a reasonable offeree would understand the Offer, as a whole, as authorizing a judgment against Brand Bolt only, or an integrated disposition involving both Defendants listed on the caption title and the footer.

Therefore, Defendants request the Court direct the Clerk from refraining entering judgment on the Notice of Acceptance. Defendants further request the Court issue an order declaring the Offer as null and void, and allowing Defendants to make a new Rule 68 Offer by a date certain. Alternatively Defendants request the Court set a briefing schedule and hearing on the issue of whether an agreement was formed under Rule 68 sufficient to enter judgment against Brand Bolt alone.

Defendants met and conferred with Stephen Doniger and David Shein over email and in two MS Teams calls on the morning on October 23, 2026 to try to resolve this issue and prohibit an incorrect judgement from being entered, but with no success. *See* Queally Dec. ¶¶ 6-7. Plaintiffs will likely oppose this Application.

Dated: October 23, 2026

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Christopher B. Queally*
Christopher B. Queally
Christopher E. Canton
Attorneys for Defendants
Brand Bolt, LLC and Miami SkinCare LLC

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**DECLARATION OF CHRISTOPHER B. QUEALLY**

I, Christopher B. Queally, hereby declare:

1. I am above the age of 18 and competent to make this declaration. This declaration is based on my personal knowledge and if called as a witness I could competently testify thereto.

2. I am a partner at Gordon Rees Scully Mansukhani LLP, counsel of record for Defendants Miami SkinCare, LLC and Brand Bolt, LLC.

3. This Declaration is offered in support of Defendants Brand Bolt, LLC and Miami SkinCare, LLC's Ex Parte Application for An Order Directing the Clerk to Refrain from Entering Judgement on the Notice of Acceptance of Rule 68 Offer (ECF 30), and for Setting of a Hearing and Briefing Schedule ("Application").

4. I called Stephen Doniger, counsel for Plaintiffs Adrienne Harris, et al. ("Plaintiffs") at approximately 5:48 p.m. on Thursday, October 22, 2026, to discuss Plaintiffs' Notice of Acceptance of Rule 68 Offer ("the Acceptance"), and left a voicemail message. Since it was past 5:00 p.m. I left my mobile phone number and asked if he could call me.

5. I then sent an email to Stephen Doniger and his colleague David Shein, at 5:57 p.m. which was a forward of ECF 30 I received, informing them I had left a voicemail message and asking them to call me. A true and correct copy of this email is attached hereto as Exhibit **A**.

6. When I had not heard back, I sent an email at 8:05 p.m., designated high importance, informing them that the Acceptance of Offer did not mirror the Offer, that the Offer was on behalf of both Defendants Miami SkinCare, LLC and Brand Bolt, LLC, and requested they confirm the same. I asked that they call me and provided notice that if I had not heard from them by the next morning, Defendants Miami SkinCare, LLC and Brand Bolt, LLC would be filing this

Application. Mr. Doniger responded the same night disagreeing with Defendants' position. A true and correct copy of this email string is attached hereto as Exhibit **B**.

7. I participated in two meet and confer remote video calls with Stephen Doniger and David Shein, counsel for Plaintiffs, on the morning of October 23, 2023, in an attempt to convince them that Offer was on behalf of both Defendants, that the Notice of Acceptance is not mirror image of the Offer as it tries to accept on behalf of only one of the joint Defendants, and that the Notice of Acceptance should be withdraw. I further noted that based on the Court's ruling Miami SkinCare had been dismissed and that Plaintiffs never had court permission to assert a new and different clam. Messrs. Doniger and Shein disagreed with Defendants position.

8. Defendants would suffer irreparable harm in the absence of some relief as an improper judgment subject to collateral attack would be entered against only one of the two offering Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2026, at Irvine, California.

*<u>/s/ Christopher B. Queally</u>*
Christopher B. Queally

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

# Exhibit A

**Christopher Queally**

| | |
|---|---|
| **From:** | Christopher Queally |
| **Sent:** | Thursday, October 22, 2026 5:57 PM |
| **To:** | Stephen Doniger; David Shein |
| **Subject:** | FW: Activity in Case 2:26-cv-02332-BFM Adrianne Harris et al v. Brand Bolt, LLC et al Notice (Other) |

Stephen and David,

I just left you a voicemail message. Can you give me a call about this when you get a chance? My cell is (714) 466-0779.

Regards,


**CHRISTOPHER B. QUEALLY**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 949.255.6975
**E:** cqueally@grsm.com | grsm.com
5 Park Plaza, Suite 1100, Irvine, CA 92614
vCard


**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Thursday, October 22, 2026 12:23 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:26-cv-02332-BFM Adrianne Harris et al v. Brand Bolt, LLC et al Notice (Other)


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**


**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Doniger, Stephen on 10/22/2026 at 12:23 PM PDT and filed on 10/22/2026

**Case Name:** Adrianne Harris et al v. Brand Bolt, LLC et al
**Case Number:** 2:26-cv-02332-BFM
**Filer:** Jennifer Capriccio
Andrea Carter-Meier
Lisa Clyde
Vicki Hanson
Adrianne Harris
Aleksandra Kaniak
Dakota Sal
Carol Stoelting
Deena Traina
Emma Ward
Nancy Wetzel
Shay Yuval
**Document Number:** 30

**Docket Text:**
**Notice of Acceptance of Rule 68 Offer of Judgment and REQUEST for Clerk to Enter Judgment filed by Plaintiffs Jennifer Capriccio, Andrea Carter-Meier, Lisa Clyde, Vicki Hanson, Adrianne Harris, Aleksandra Kaniak, Dakota Sal, Carol Stoelting, Deena Traina, Emma Ward, Nancy Wetzel, Shay Yuval. (Attachments: # (1) Exhibit A - Rule 68 Offer)(Doniger, Stephen)**

**2:26-cv-02332-BFM Notice has been electronically mailed to:**

Christopher B Queally cqueally@grsm.com, bpeterson@grsm.com, savants@grsm.com

Christopher Edward Canton ccanton@grsm.com, mgonzales@grsm.com, savants@grsm.com

David Shein david@donigerlawfirm.com, gray@donigerlawfirm.com, lzamora@donigerlawfirm.com

Nelson Campbell ncampbell@donigerlawfirm.com, gray@donigerlawfirm.com, lzamora@donigerlawfirm.com, mfarrell@donigerlawfirm.com

Stephen M. Doniger stephen@donigerlawfirm.com, lzamora@donigerlawfirm.com, mbaron@donigerlawfirm.com, mfarrell@donigerlawfirm.com, tbarrett@donigerlawfirm.com

**2:26-cv-02332-BFM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\NOA_Rule 68_102126A.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/22/2026] [FileNumber=43871753-0] [06a4103a06e968ce5c7fc445d6a0b71e613aa8d65b68ab81a1e24c7e107a89b664 4f2aec118c7982e4d85cf1e77369b12ffd04b1b5ccac18aa88bee12d3304f6]]
**Document description:**Exhibit A - Rule 68 Offer
**Original filename:**C:\fakepath\Ex A.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/22/2026] [FileNumber=43871753-1] [70d4d7cbe09a702938b49b095fd886a45c282af74870fab5a41be451577a1de28e 8f853e2d228f8f6e119c472a3a2169ed0f3994e97d8652cf91b2f9a9043d68]]

# Exhibit B

**Christopher Queally**

**From:** Christopher Queally
**Sent:** Friday, October 23, 2026 11:12 AM
**To:** 'Stephen Doniger'; David Shein
**Cc:** Nelson Campbell
**Subject:** RE: Harris v. Brand Bolt

Sure. I set it for 11:15. I will log on then and wait.

**CHRISTOPHER B. QUEALLY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 949.255.6975
**E:** cqueally@grsm.com | grsm.com
5 Park Plaza, Suite 1100, Irvine, CA 92614
vCard

**From:** Stephen Doniger <stephen@donigerlawfirm.com>
**Sent:** Friday, October 23, 2026 11:11 AM
**To:** Christopher Queally <cqueally@grsm.com>; David Shein <David@donigerlawfirm.com>
**Cc:** Nelson Campbell <ncampbell@donigerlawfirm.com>
**Subject:** Re: Harris v. Brand Bolt

Chris,

I'm still on a call with one of the clients. Please give me a few more minutes and I will join on the Teams shortly.

*Stephen M. Doniger, Esq.*
DONIGER / BURROUGHS PC
603 Rose Avenue
Venice, CA 90291
(310) 590-1820
Book time to meet with me



**From:** Christopher Queally <cqueally@grsm.com>
**Sent:** Friday, October 23, 2026 7:40 AM
**To:** Stephen Doniger <stephen@donigerlawfirm.com>; David Shein <David@donigerlawfirm.com>
**Cc:** Nelson Campbell <ncampbell@donigerlawfirm.com>
**Subject:** RE: Harris v. Brand Bolt

Stephen,

Thank you for the response last night. I didn't realize you were an adjunct at my alma mater.

We disagree with your statements on the offer. The caption clearly states it is on behalf of the two defendants plaintiffs are seeking to hold jointly and severally liable, notwithstanding the text. No reasonable offeree in the shoes of plaintiffs would could conclude that this is an offer on behalf of just Brand Bolt given the First Amended Complaint.

Moreover, since raising the issue we have re-reviewed the Court's June 2026 Order; defendant Miami SkinCare, LLC was *dismissed* by the Court and there is nothing in the Order which suggests plaintiffs were given leave to allege a new and different theory against a dismissed defendant. Plaintiffs were explicitly given permission to reallege for purposes of the statute of limitations, there is nothing in the Court's Order under the analysis of Miami SkinCare suggesting Plaintiffs were given leave to amend – certainly not a new theory that was not based on alter ego, which is what the FAC contains.

Since the FAC naming Miami SkinCare is not in compliance with the Court's Order, if Miami SkinCare is not included in the judgment we will be filing a motion to strike the FAC, or alternatively a 12(c) motion for judgment on the pleadings based on res judicata. As you know the 3344 claim carries the potential for attorney's fees in favor of the prevailing party.

Regarding your comments as to the standard for ex parte relief, we could not envision a more appropriate occasion than an acceptance and request to enter judgment that does not mirror the offer.

All that being said, Defendants (plural) stand ready, willing, and able to make good financially on the offer as to both defendants. We ask that you give this serious consideration.

I can be available at 9:45 a.m. However, I cannot guarantee my clients will hold off on the application.

Regards,

**Christopher B. Queally**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 949.255.6975
**E:** cqueally@grsm.com | grsm.com
5 Park Plaza, Suite 1100, Irvine, CA 92614
vCard

**From:** Stephen Doniger <stephen@donigerlawfirm.com>
**Sent:** Thursday, October 22, 2026 10:16 PM
**To:** Christopher Queally <cqueally@grsm.com>; David Shein <David@donigerlawfirm.com>
**Cc:** Nelson Campbell <ncampbell@donigerlawfirm.com>
**Subject:** Re: Harris v. Brand Bolt

Chris,

Apologies for not being able to respond sooner. Thursdays I teach at Pepperdine Law School (the IP Survey course) and I had dinner plans after so I'm just seeing your email (and heard your voicemail).

Let me begin by saying that we remain hopeful that we can reach an amicable resolution to this and, indeed, the entire case. That said, we see no reasonable textual basis for reading this as an offer of judgment against both defendants, and no basis for ex parte (or indeed any) relief.

And I'm also a bit irate about your current position because we spent more than a week on a multitude of email exchanges, Teams meetings, and other discussions to convince our clients to accept this offer, a material part of which was us explaining and them relying on its plain language.

To be sure, the identification of Miami Skincare in the caption, the footer, and the signature block is irrelevant. The caption and footer just name the document, and the signature block just identifies who Gordon Rees represents. A co-defendant can join in or be named on a filing without becoming a judgment debtor under it.

What matters is the language of the offer, and here the operative language is consistently singular and unambiguous:

The preamble defines the offeror: “Defendant Brand Bolt, LLC (the ‘Offering Defendant’).” It offers judgment “against it.” Miami Skincare is never defined as an offeror.

¶ 1 offers judgment “against it,” meaning the Offering Defendant.

¶ 3 says acceptance “fully resolves and disposes of all claims… asserted against the Offering Defendant.” The offer says nothing about resolving, releasing, or dismissing the claims against Miami Skincare. Under defendants' reading, those claims would be left unaddressed.

¶ 4 puts the injunction only on “the Offering Defendant, and its officers, agents….”

¶¶ 5 and 8 disclaim liability and reserve cost rights only for “the Offering Defendant.”

The words “jointly and severally” appear nowhere.

Your “joint and several” argument also confuses two things. Joint and several liability means each defendant may be liable for the whole amount. It does not turn a judgment against one defendant into a judgment against two. If you meant a joint offer, the drafting tools were obvious: plural “Defendants,” “against them,” “jointly and severally,” and a release of claims against both. Instead you deliberately defined a singular term and used it throughout. There is no ambiguity here.

I don't know what you mean by: “Our communications leading up to the Offer.” Regardless, the Ninth Circuit has been clear that ordinary rules of contract interpretation apply to Rule 68 offers such that where the offer is unambiguous (as it is here), extrinsic evidence doesn't come in. And a Rule 68 offeree can only accept or reject the document actually served.

Thus, in *Erdman v. Cochise County*, 926 F.2d 877, 880–81 (9th Cir. 1991) the offeror was held to the accepted terms despite claiming it meant something different. See also, *LaPierre v. City of Lawrence*, 819 F.3d 558, 562–63 (1st Cir. 2016) (rejecting an offeror's attempt to "clarify" an unambiguous offer after the fact and enforced the acceptance as written).

As you are aware, Rule 68(a) is mandatory: "The clerk must then enter judgment." The district court has no discretion to do anything other than enter judgment once the offer is accepted. In *Arroyo v. Kazmo* (No. 20-55392, (2021)) the Ninth Circuit described Rule 68 as mandatory and held that refusing to give effect to an accepted offer was error. *See also, Perkins v. U S West Communications*, 138 F.3d 336, 338–40 (8th Cir. 1998).

And in *Latshaw v. Trainer Wortham & Co*., 452 F.3d 1097 (9th Cir. 2006) the Ninth Circuit affirmed denial of 60(b) relief from a Rule 68 judgment, explaining that Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret (relying on *Webb*, which is directly analogous to your position here).

Finally, we note that any ex parte application must show irreparable prejudice and that the moving party is without fault in creating the crisis. *Mission Power Engineering Co. v. Continental Casualty Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Please explain how, consistent with Rule 11, you believe you can fit a self-drafted offer into the "without fault" requirement.

Rather than seeking ex parte relief that you will certainly lose, I suggest we speak in the morning about, as you say below, Defendants being "ready, willing, and able to perform" settlement terms. I will need to go back to my clients to get authority for a global settlement and am willing to try to do so in the interests of finality, but let's discuss in the morning so I am clear on what I am telling them. I should be available after 9:45 Pacific time.

Thanks,

*Stephen M. Doniger, Esq.*
DONIGER / BURROUGHS PC
603 ROSE AVENUE
VENICE, CA 90291
(310) 590-1820

Book time to meet with me

**From:** Christopher Queally <cqueally@grsm.com>
**Sent:** Thursday, October 22, 2026 8:05 PM
**To:** Stephen Doniger <stephen@donigerlawfirm.com>; David Shein <David@donigerlawfirm.com>
**Cc:** Nelson Campbell <ncampbell@donigerlawfirm.com>
**Subject:** Harris v. Brand Bolt

Stephen and David,

I tried your number again but have not heard back.

The reason for the calls and emails is that we received the Notice of Acceptance by Plaintiffs Adrienne Harris, *et al*. ("Plaintiffs") which purports to accept our Rule 68 offer and have judgment entered against defendant Brand Bolt, LLC *only*. This is not the agreement contemplated – especially given our communications leading up to the Offer. The Offer states in the caption, on the footer, and elsewhere, it is being made on behalf of **both** Defendants Brand Bolt, LLC and Miami Skincare, LLC. This is the offer; the $20,833.34 to each Plaintiff is on behalf of both Defendants as they are sued jointly and severally. The Defendants stand ready, willing, and able to perform under such agreement.

If Plaintiffs believe the offer and Notice of Acceptance are only as to Brand Bolt, LLC then Defendants will have no choice but to seek ex parte relief immediately to avoid entry of a judgment against Brand Bolt, LLC.

As I stated in my message, my cell is (714) 466-0779. I remain available until 10:00 p.m. tonight to speak and as early as 7:30 a.m. tomorrow morning. If this is not resolved by

morning we intend on filing an ex parte application under Local Rule 7-19 asking the court to refrain from entering judgment until briefing and an evidentiary hearing on this matter. We hope that will not be necessary. Thanks.

---

**Christopher B. Queally**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 949.255.6975
**E:** cqueally@grsm.com | grsm.com
5 Park Plaza, Suite 1100, Irvine, CA 92614
vCard

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

## CERTIFICATE OF SERVICE

I, Sandra Avants, hereby certify that on **October 23, 2026,** I electronically filed the following documents with the Clerk of the Court for the United States District Court, Central District, by using the CM/ECF system:

**DEFENDANTS BRAND BOLT, LLC AND MIAMI SKINCARE, LLC'S EX PARTE APPLICATION FOR AN ORDER DIRECTING THE CLERK TO REFRAIN FROM ENTERING JUDGMENT ON THE NOTICE OF ACCEPTANCE OF RULE 68 OFFER (ECF 30), AND SETTING A HEARING AND FURTHER BRIEFING SCHEDULE; DECLARATION OF CHRISTOPHER B. QUEALLY**

Participants in the case who are registered CM/ECF users, listed below, will be served by the CM/ECF system.

| | |
|---|---|
| Stephen M. Doniger, Esq.<br>David Shein, Esq.<br>Nelson A. Campbell, Esq.<br>DONIGER / BURROUGHS<br>603 Rose Avenue<br>Venice, California 90291 | Attorneys for Plaintiff<br>stephen@donigerlawfirm.com<br>david@donigerlawfirm.com<br>ncampbell@donigerlawfirm.com |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 23, 2026** at Irvine, California.

Sandra Avants

Sandra Avants

GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614